IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>            Plaintiff,       )<br>)<br>    v.                        )<br>)<br>ANTONIO R. AZPEITIA,          )<br>a/k/a Markei Pena, a/k/a      )<br>Antonio Ramirez, a/k/a        )<br>Rufusio Virguen,              )<br>)<br>            Defendant.       )<br>_____) | 8:09CR4<br><br><br><br>ORDER |

       This matter is before the Court on the objections of the defendant (Filing No. 27), defendant's brief in support of those objections (Filing No. 28) to the report and recommendation of the magistrate judge (Filing No. 24), the government's brief in support of the magistrate judge's report and recommendation (Filing No. 31) and its supplemental brief in support of report and recommendation (Filing No. 32).  The Court has reviewed the report and recommendation and the transcript of the hearing held on defendant's motion to suppress (Filing No. 27), and finds that defendant's objections should be overruled.

       There is no question that there was sufficient evidence to justify the stop, and the subsequent circumstances support removing defendant from the vehicle, conducting a pat-down search which disclosed the presence of the controlled substances found on defendant, resulting in his arrest.  The principal issue that defendant raises is that at the beginning of the hearing, the

defendant moved to sequester witnesses.  The magistrate judge granted that motion.

Subsequently, one of the officers, Officer Griffith, was permitted to stay at counsel table without specific approval by the Court.  When Officer Griffith was called to testify, counsel for defendant objected on the grounds that it violated the sequestration order entered by the Court, but according to the discussions between Mr. Troia, the Court, and Ms. Belgau, the parties agreed that he had been identified as the case officer sitting next to her, and Judge Gossett permitted him to testify on the basis of the case officer exclusions.  The testimony of Officer Quinlan was entirely separate from that of Officer Griffith.  There can be no concern that his testimony in some way guided or directed the testimony of Officer Griffith, and the Court notes there is no prejudice apparent from a reading of the transcript by permitting Officer Griffith to remain in the courtroom.  That, together with the comments of both counsel that he was the case officer satisfies the Court there was no prejudice and that the defendant's motion in this regard should be denied. Accordingly,

IT IS ORDERED:

1) The report and recommendation of the magistrate judge is approved and adopted.

      2) Defendant's motion to suppress (Filing No. 13) is denied.

      3) Trial of this matter is scheduled for:

**Tuesday, June 2, 2009, at 9 a.m.**

in Courtroom No. 5, Roman L. Hruska United States Courthouse, Omaha, Nebraska, or as soon thereafter as may be called by the Court.  To accommodate the schedule of the Court, and to give the parties time to prepare for trial or pursue plea negotiations, the ends of justice will be served by continuing this case and outweigh the interests of the public and the defendant in a speedy trial.  The additional time between April 28, 2009, and June 2, 2009, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act.  18 U.S.C. § 3161(h)(8)(A) & (B).

      DATED this 28th day of April, 2009.

      BY THE COURT:

      /s/ Lyle E. Strom

      _____
      LYLE E. STROM, Senior Judge
      United States District Court